Mr. Justice Moore
delivered the opinion of the Court.
This cause is here on writ of error directed to a judgment of the district court of the City and County of Denver which upheld denial of a claim for workmen’s compensation made by claimant Evelyn Gugas. Her claim, filed July 20, 1960, asserted that the date of the accident for which benefits were claimed, occurred on February 12, 1960, and both in her claim and in the testimony offered to establish it, she particularly identified the event asserted as the “accident” arising out of and in the course of her employment, as occurring on that date.
The facts relating to the event thus specified are briefly as follows: February 12, 1960, claimant was instructed by one of her employer’s representatives to clean out an icebox provided by the employer for its employees’ convenience. As claimant was performing this task she extended her right arm into the interior of the icebox and turned her arm in such fashion as to rotate her hand from a palm-up to a palm-down position. At this time she experienced extreme pain along her right arm and shoulder and into the thoracic region of her back. On March 16, 1960, she was forced to stop work and seek medical assistance. Medical examinations were had and treatment administered to relieve her condition.
At the hearing before a referee, medical reports and testimony concerning an accident which claimant ex *534 perienced on March 4, 1958, were received in evidence over the employer’s objection. At the conclusion of the hearing the referee made findings in accord with the above recital and denied the claim on the ground that the incident of February 12, 1960, was an outgrowth of the earlier accident suffered by her on March 4, 1958.
Counsel for claimant urges that notwithstanding claimant specifically relied upon the event which occurred February 12, 1960, as being the “accident” giving rise to her claim, the Industrial Commission should award compensation for the injury allegedly sustained by claimant two years earlier for which no claim for benefits had been made.
It is contended that the February 12, 1960, incident (the “accident” relied on by claimant) was the event which brought to light the fact that there had been a “compensable injury” sustained by her in an accident occurring in March, 1958. If so, then claimant should have identified the 1958 event as the “accident” upon which she relied. No mention of any such accident appears in her claim. The circumstances surrounding that event appeared for the first time in the evidence presented at the hearing held in connection with the claim based upon the alleged “accident” of February 12, 1960.
We know of no authority holding that a claimant may assert a claim for workmen’s compensation based exclusively on an event allegedly occurring at a particular time and place, and, upon failure to prove a compensable injury, be awarded compensation for an accident which occurred two years prior to the event on which the claim is based, and which occurred at a different place and under wholly different circumstances.
The judgment is affirmed.
Mr. Justice Sutton dissents.